131 KEN AVE. CO., A CORPORATION, PLAINTIFF-RESPOND-ENT, v. JOEL GROSS, DEFENDANT-APPELLANT.

Submitted October 1, 1940—Decided November 29, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the defendant-appellant, *Gross & Blumberg* (*Milton H. Goldberger*).

For the plaintiff-respondent, *John J. Hanlon, Jr.,* and *Alex R. DeSevo.*

BODINE, J. The defendant leased from the plaintiff an apartment in Jersey City. The lease expired September 30th, 1935. However, it contained the following clause: "Sixty day notice in writing must be given if this lease is to be discontinued upon terminating date by either party on this lease." The facts are stipulated.

On June 21st, 1935, the tenant notified the landlord that the lease would be discontinued at its expiration pursuant to the provisions quoted. He said in his letter of notification: "Please advise me whether you have any objection to my remaining as a tenant from month to month after the expiration date of said lease." The landlord replied: "We herein advise that we do not have any objections to you remaining on a month to month basis after expiration date of lease."

The landlord had recovery for the October rent on the monthly basis, although the tenant moved out at the expiration of the term for a year.

The problem in the District Court was, whether there was a monthly term created by these letters. Note that the parties use the words "objection" and "objections." Webster defines "objection" as follows: "Act of objecting; as, to prevent action by objection. That which is, or may be, presented in opposition; *an adverse reason or argument: a reason for objecting or opposing;* also a feeling of disapproval; as I have no objection to going; unreasonable objections." (Italics ours.)

In *Broad Street National Bank of Trenton* v. *Collier,* 112 *N. J. L.* 41; *affirmed,* 113 *Id.* 303, relied upon by the defendant, one obligated as an endorser on a note, the principal obligor being a possible recipient of funds, wrote to the bank, "I trust you will appreciate my position and take care of me."

To which the bank replied, "We shall be glad to comply with your wishes." Held, no contract. Certainly, there was no meeting of the minds and no consideration.

Implied contracts do not arise when there is an express contract between the same parties in reference to the same subject-matter. *Voorhees* v. *Combs,* 33 *N. J. L.* 494.

Appellant's brief informs us that when the defendant wrote to inquire of the landlord if there was any reason or objection why he should not remain as tenant from month to month that he was looking for a residence and wanted to know that, "if his search took longer than anticipated, he might remain in the premises as a tenant from month to month." The answer received was definite that there was no reason or objection why he should not remain. The minds of the parties met on the proposition that the defendant at the expiration of the term would be a monthly tenant. The defendant desired this peace of mind and the landlord accepted the proposition for a monthly term. Because the tenant found that he could find a residence sooner was no reason why he should not be held to the obligations of the granted term.

Had the tenant written to his landlord, "I desire a monthly term at the expiration of my present lease," and the landlord had replied, "You may have such a term," it would seem perfectly clear that a new term was created. The intention of the parties was for the trial judge, and he properly found that their minds met on a term from month to month which, of course, need not be in writing.

"In construing a contract, it is necessary to ascertain what the parties thereto meant, intended and understood as determined by the words employed, and, as an aid in this respect the object of the parties in making it may be taken into consideration." *Kelly* v. *Guaranty Trust Co.,* 114 *N. J. L.* 110, 115. Also *Corn Exchange, &c.,* v. *Taubel,* 113 *Id.* 605; *Dixon* v. *Smyth Sales Corp.,* 110 *Id.* 459.

"The language must be interpreted in the sense that the promisor knew, or had reason to know, the promisee understood it (9 *Cyc.* 578) ; second, that the words are to be most strongly construed against the party using them. 9 *Cyc.* 590; 17 *Am. & Eng. Encycl. L.* (2d) 14; 2 *Pars. Cont.* 506;

*Stone's Administrators* v. *United States Casualty Co.,* 5 *Vr.* 371, 375, 376; *Anders* v. *Supreme Lodge,* 22 *Id.* 175; *Proprietors, &c.,* v. *Force's Executors,* 2 *Buch.* 56, 126." *Am. Litho. Co.* v. *Commercial Insurance Co.,* 81 *N. J. L.* 271, 274.

The learned judge of the District Court properly applied these fundamental rules. It is too precious a reasoning to suggest that there was no bargain. The tenant asked for what he wanted and received an assurance which would have estopped the landlord from denying him as a monthly tenant.

Judgment is affirmed.